## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DARIUS ALEXANDER, and KOURTNEY FANIEL, individually, and as the natural parent and guardian of her minor children: Z.G.(1) and Z.G.(2), | |
| Plaintiff, | CIVIL ACTION |
| v. | FILE NO. _____ |
| CANAL INSURANCE COMPANY, ELS, LLC, and JOHN DOE ELS, LLC's UNIDENTIFIED John DOE "HIT AND RUN" DRIVER, | **JURY TRIAL DEMANDED** |
| Defendants. | |

_____

## COMPLAINT FOR DAMAGES

COME NOW Darius Alexander, individually, as well as Kourtney Faniel, individually and as the natural parent and guardian of her minor children: Z.G.(1) and Z.G.(2) ("Plaintiffs"), by and through their counsel of record, and file this their Complaint for Damages, showing this Honorable Court as follows:

1.

This is an action for personal injury damages arising out of a motor vehicle collision that occurred on March 2, 2019 in Cobb County, Georgia.

## PARTIES, JURISDICTION, AND VENUE

2.

Plaintiffs Darius Alexander, Z.G.(1) and Z.G.(2) sustained personal injuries and incurred economic damages, including medical bills, as a result of a motor vehicle collision that occurred at approximately 12:19 p.m. on March 2, 2019 on South Cobb Drive near its intersection with I-285 in the Cobb County, Georgia. Plaintiff Kourtney Faniel is the natural parent and guardian of her minor children: Z.G.(1) and Z.G.(2) and brings this suit on their behalf and for economic damages incurred by each minor as a result of the subject collision.

3.

ELS, LLC (hereinafter "ELS trucking") is a foreign Company with its principal place of business in a state other than the State of Georgia.

4.

ELS trucking may be served through its registered agent for service of process: Jason C Gonzalez, 2609 Welcome Road, Newnan Georgia 30263.

5.

Once served with process, ELS Trucking is subject to the jurisdiction and venue of this Court.

6.

ELS Trucking was properly served with process in this civil action.

7.

ELS Trucking was sufficiently served with process in this civil action.

8.

ELS Trucking is subject to the jurisdiction of this Court.

9.

At all times related to the subject collision, ELS Trucking was in interstate motor carrier and assigned USDOT number 2074781.

10.

Defendant Canal Insurance Company ("Canal Insurance") is an insurance company and is authorized to transact business in the state of Georgia.

11.

Canal Insurance does business in the counties comprising this District and Division and has one or more agents within Cobb County, including Gene' Olverson Cain, 2784 Barbara Lane, NE, Marietta, Georgia 30062.

12.

Canal Insurance is subject to the jurisdiction of this Court, pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140, because Canal Insurance was the insurer providing liability coverage for the defendant motor carrier ELS Trucking at the time of the collision described in this Complaint.

13.

Canal Insurance may be served pursuant to O.C.G.A §§ 14-2-1510 and/or 33-4-3 with a second original of the Complaint and Summons upon its registered agent: J. Patrick O'Brien c/o Company Service Company, 40 Technology Parkway South, #300, Norcross, Gwinnett County, Georgia 30092.

14.

Once served with process as described in this paragraph, Canal Insurance is subject to the jurisdiction and venue of this Court.

15.

Canal Insurance was properly served with process in this civil action.

16.

Canal Insurance was sufficiently served with process in this civil action.

17.

Canal Insurance is subject to the jurisdiction of this Court.

18.

The amount in controversy between Plaintiff and Defendants in this civil action is in excess of the sum of $75,000.00, exclusive of interest and costs.

19.

Complete Diversity of Citizenship exists as between Plaintiffs and Defendants in this civil action.

20.

This Court has original jurisdiction over this civil action pursuant to 28 US Code § 1332.

21.

Venue in the above-styled civil action is proper in this Court.

## FACTS

22.

Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

23.

On or about March 2, 2019 at approximately 12:19 p.m., ELS Trucking was operating a tractor-trailer on South Cobb Drive in the Cobb County, Georgia.

24.

On or about March 2, 2019 at approximately 12:19 p.m., the ELS Trucking
tractor-trailer was being operated a driver.

25.

On or about March 2, 2019 at approximately 12:19 p.m., the ELS Trucking
tractor-trailer was being operated a driver, who was a permissive user of the
tractor-trailer.

26.

On or about March 2, 2019 at approximately 12:19 p.m., the ELS Trucking
tractor-trailer was being operated a driver, who was an employee of ELS Trucking.

27.

On or about March 2, 2019 at approximately 12:19 p.m., the ELS Trucking
tractor-trailer was being operated a driver, who was an agent of ELS Trucking.

28.

On or about March 2, 2019 at approximately 12:19 p.m., the ELS Trucking
tractor-trailer was being operated a driver, who was acting within the course and
scope of his employment or agency at the time of the collision described in this
Complaint.

29.

On or about March 2, 2019 at approximately 12:19 p.m., ELS Trucking's driver was attempting to exit I-285 northbound in order to make a left turn onto South Cobb Drive northbound.

30.

On or about March 2, 2019 at approximately 12:19 p.m., the I-285 exit ramp that ELS Trucking's driver was using was comprised of three lanes:  vehicles in the center lane could make a right turn or a left turn at the exit ramp's intersection with South Cobb Drive; the right lane was a right-hand turn only lane; and the left lane was a left-hand turn only lane.

31.

On or about March 2, 2019 at approximately 12:19 p.m., at the bottom of the I-285 exit ramp, ELS Trucking's tractor-trailer was in the center turn lane.

32.

On or about March 2, 2019 at approximately 12:19 p.m., at the bottom of the I-285 exit ramp, plaintiff's vehicle was in the left hand only turn only lane.

33.

On or about March 2, 2019 at approximately 12:19 p.m., when the traffic light for the I-285 exit ramp turned green, both the ELS tractor-trailer and plaintiff's vehicle began making a left-hand turn onto South Cobb Drive northbound.

34.

On or about March 2, 2019 at approximately 12:19 p.m., ELS Trucking's driver was not paying attention to the traffic in the lane to his left occupied by plaintiff's vehicle.

35.

On or about March 2, 2019 at approximately 12:19 p.m., ELS Trucking's driver was unable to properly control his tractor trailer and was unable to maintain his lane.

36.

On or about March 2, 2019 at approximately 12:19 p.m., ELS Trucking's driver encroached into plaintiff's lane.

37.

On or about March 2, 2019 at approximately 12:19 p.m., ELS Trucking's driver encroached into plaintiff's lane colliding with plaintiff's vehicle.

38.

On or about March 2, 2019 at approximately 12:19 p.m., ELS Trucking's driver intentionally encroached upon was unable to properly control his tractor trailer and was unable to maintain his lane and encroached into plaintiff's lane colliding with plaintiff's vehicle.

39.

On or about March 2, 2019 at approximately 12:19 p.m., the ELS tractor-trailer tore the front right wheel of Plaintiff's vehicle off its axle.

40.

On or about March 2, 2019 at approximately 12:19 p.m., Plaintiff's vehicle was substantially damaged and declared a total loss.

41.

On or about March 2, 2019 at approximately 12:19 p.m., Plaintiff's vehicle was damaged such that it had to be towed from the scene.

42.

Leaving the scene of an accident was criminalized under O.C.G.A. § § 40-6-270(a) and (c) and 40-6-271.

43.

The public policy of the State of Georgia mandates that a party to an accident must stop and render aid to those involved in the collision, no matter who caused the collision and not leave them in a possibly disabled state without aid.

44.

The ELS Trucking driver did not stop after the collision described in this Complaint.

45.

The ELS Trucking driver did not attempt to speak to any of those involved in the collision described in this Complaint.

46.

The ELS Trucking driver did not attempt to render any aid to those involved in the collision described in this Complaint.

47.

The ELS Trucking driver fled the scene and left those involved in the collision, described in this Complaint, in a possibly disabled state and without any aid from the ELS Trucking driver.

48.

Instead of stopping his tractor-trailer after it struck plaintiff's vehicle, the ELS trucking driver immediately fled the scene and entered I-285 southbound.

49.

Photo No. 1 below is a photograph of the ELS Trucking tractor-trailer, as it fled the scene by running through a yellow light and onto I-285 South.

(Photo No. 1)

50.

This collision was investigated by a Cobb County police officer, who arrived at the scene shortly after the ELS Trucking driver fled the scene of the collision.



51.

Plaintiff driver provided the investigating officer with the photograph identified above as Photo No. 1.

52.

The officer investigating this collision went in search of the ELS tractor-trailer depicted above in Photo No. 1.

53.

The investigating officer located the ELS tractor-trailer involved in the subject collision parked in a row of other tractor-trailers at the Petro Stopping Center located at 3181 Hollowell Parkway, NW, Atlanta GA 30318.

54.

During his investigation, the investigating officer asked the employees at the Petro Stopping Center about the identity of the ELS Trucking driver who had parked the ELS Trucking tractor-trailer in the row of other tractor-trailers.

55.

The Petro Stopping Center told the investigation officer that the person who parked the ELS Trucking tractor-trailer had paid for the parking in cash and identified himself as "Smith" and nothing else.

56.

The ELS Trucking driver was not with the ELS tractor-trailer.

57.

The investigating officer remained at the Petro Stopping Center looking for the ELS Trucking driver and/or waiting for him to return to the tractor-trailer.

58.

The tractor-trailer appeared to be abandoned.

59.

The ELS Trucking driver did not return to the tractor-trailer before the investigating officer had the tractor-trailer impounded.

60.

The ELS Trucking driver lied to the Petro Stopping Center employees about his name.

61.

The ELS Trucking driver is not named "Smith."

62.

ELS Trucking knew at the time of this collision that that this driver's name was not Smith.

63.

At the time of the collision, ELS Trucking knew the actual identity of and contact information for the ELS Trucking driver that hit plaintiffs' vehicle and fled the scene.

64.

ELS Trucking knows the actual identify of and contact information for the ELS Trucking driver that hit plaintiffs' vehicle and fled the scene.

65.

The ELS Trucking driver's act of leaving the scene of the collision, described in this Complaint, without even speaking to the other party, as mandated by statute, was an intentional and culpable act.

66.

The ELS Trucking driver's act of leaving the scene of the collision, described in this Complaint, without even speaking to the other party, as mandated by statute, was an intentional and culpable act, and such conduct demonstrated a conscious indifference to the consequences and an entire want of care as to the victim's well-being, permitting the jury to find that such conduct was of an aggravated and indifferent nature for purposes of imposing punitive damages.

67.

The ELS Trucking driver's conduct alone is sufficient to show aggravated circumstances so as to permit the jury to consider the imposition of punitive damages for such culpable conduct.

68.

ELS Trucking aided and abetted its driver's efforts to flee the scene and avoid criminal and civil prosecution in this case.

69.

ELS Trucking ratified the conduct of its driver by aiding and abetting his efforts to flee the scene and avoid criminal and civil prosecution in this case.

70.

At all times related to the subject collision, the plaintiff driver was acting in a reasonable and prudent manner.

71.

At all times related to the subject collision, the minor plaintiffs were acting in a reasonable and prudent manner.

72.

Defendants do not blame the plaintiff driver for causing or contributing to the cause of the Subject Collision.

73.

Defendants do not blame the minor plaintiffs for causing or contributing to the cause of the Subject Collision.

74.

Defendants admit 100% fault for causing the subject collision.

75.

No act or failure to act on the part of the plaintiff driver caused or contributed to the cause of the subject collision.

76.

No act or failure to act on the part of the minor plaintiffs caused or contributed to the cause of the subject collision.

77.

The plaintiff driver was an innocent victim in this collision.

78.

The minor plaintiffs were innocent victims in this collision.

79.

No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

80.

No act or failure to act on the part of the plaintiff driver caused or contributed to the cause of plaintiffs' claimed injuries.

81.

No act or failure to act on the part of the minor plaintiffs caused or contributed to the cause of plaintiffs' claimed injuries.

82.

No act or failure to act on the part of any third party caused or contributed to the cause of plaintiffs' claimed injuries.

83.

Defendants agree that they should fairly compensate plaintiffs for all injuries and damages that were caused by the subject collision.

84.

As a result of the collision, plaintiffs suffered serious and permanent injuries and damages.

## COUNT I: DIRECT ACTION AGAINST CANAL INSURANCE COMPANY

85.

Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

86.

Canal Insurance Company provided automobile liability insurance for the trucking company, driver and/or truck and/or trailer that was involved in the subject motor vehicle collision.

87.

Canal Insurance Company agreed to provide automobile liability insurance coverage to ELS Trucking in consideration for the payment of insurance premiums.

88.

Canal Insurance Company was transacting business in the State of Georgia and in Cobb County, Georgia on the date of the subject collision, and at all material times hereto, and is subject to the venue of this Court pursuant to O.C.G.A. § 33-4-1.

89.

The plaintiffs, as members of the public injured due to a common carrier's negligence, are third-party beneficiaries to that agreement.

90.

Pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140, Canal Insurance Company is subject to this Direct Action.

## COUNT II:  NEGLIGENCE OF ELS, LLC

91.

Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

92.

ELS Trucking was also itself negligent in the following ways:

(a)    Negligently hiring or contracting with Defendant ELS Trucking's driver to drive the vehicle at issue;

(b)    Negligently training Defendant ELS Trucking's driver;

(c)    Negligently entrusting Defendant ELS Trucking's driver to drive the vehicle at issue;

(d)    Negligently retaining Defendant ELS Trucking's driver to drive the vehicle at issue;

(e)    Negligently qualifying Defendant ELS Trucking's driver;

(f)    Failing to supervise Defendant ELS Trucking's driver; and

(g)    Otherwise failing to act as a reasonably prudent company under the circumstances.

93.

At all relevant times, ELS Trucking owed the following civil duties in the operation of its tractor-trailer to plaintiffs but violated those duties in the following ways:

(a)    Failing to maintain proper control of its vehicle;

(b)    Failing to keep a proper lookout for traffic;

(c)    Failing to make reasonable and proper observations while driving;

(d)    Failing to timely apply the brakes of its vehicle in order to avoid the collision in question;

(e)    Failing to keep an assured safe distance from plaintiff's vehicle;

(f)    Failing to drive at a reasonable and prudent speed under the conditions;

(g)    Failing to obey traffic laws;

(h)    Operating a cellular mobile device while driving; and

(i)    Otherwise failing to act reasonably and prudently as a driver should under the circumstances.

94.

Defendant ELS Trucking was also negligent *per se* in that it violated a number of laws and regulations governing its operation of a vehicle, including:

(a)    Obedience to Traffic Control Devices Required (O.C.G.A. § 40-6-20);

(b)     Failing to Drive with Due Care (O.C.G.A. § 40-6-241);

(c)     Failure to Drive Vehicle at a Reasonable and Prudent Speed Under the Conditions (O.C.G.A. § 40-6-180);

(d)     Failing to Obey Traffic Laws (O.C.G.A. § 40-6-1); and

(e)     Reckless Driving (O.C.G.A. § 40-6-390).

95.

As a direct and proximate result of the negligence of Defendants ELS Trucking's driver and ELS Trucking in the ensuing collision, plaintiff sustained severe and permanent injuries.

96.

ELS Trucking is liable for all damages allowed by law for the injuries, damages, and losses sustained by plaintiffs.

## COUNT III: NEGLIGENCE OF DEFENDANT ELS TRUCKING'S DRIVER

97.

Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

98.

At all relevant times, ELS Trucking's driver owed the following civil duties to plaintiffs but violated those duties in the following ways:

(a)     Failing to maintain proper control of his vehicle;

(b)     Failing to maintain his lane;

(c)     Failing to keep a proper lookout for traffic;

(d)     Failing to make reasonable and proper observations while driving;

(e)     Failing to timely apply the brakes of his vehicle in order to avoid the collision in question;

(f)     Failing to keep an assured safe distance from plaintiff's vehicle;

(g)     Failing to drive at a reasonable and prudent speed under the conditions;

(h)     Failing to obey traffic laws;

(i)     Operating a cellular mobile device while driving; and

(j)     Otherwise failing to act reasonably and prudently as a driver should under the circumstances.

99.

Defendant was also negligent *per se* in that he violated a number of laws and regulations governing his operation of a vehicle, including:

(a)     Obedience to Traffic Control Devices Required (O.C.G.A. § 40-6-20);

(b)     Failing to Drive with Due Care (O.C.G.A. § 40-6-241);

(c)     Failure to Drive Vehicle at a Reasonable and Prudent Speed Under the Conditions (O.C.G.A. § 40-6-180);

(d)     Failing to Obey Traffic Laws (O.C.G.A. § 40-6-1); and

(e)     Reckless Driving (O.C.G.A. § 40-6-390).

100.

As a result of ELS Trucking's driver's negligence, plaintiffs suffered substantial injuries.

101.

As a direct and proximate result of the negligence and negligence per se of ELS Trucking's driver, plaintiffs have incurred and are entitled to recover special damages, including, but not limited to, past and future medical expenses and past and future lost income, and other miscellaneous expenses, in an amount that will be proved at trial. Plaintiffs are also entitled to recover for general damages, including past and future pain and suffering and related damages.

## COUNT IV:  Respondeat Superior LIABILITY OF ELS, LLC

## FOR ACTIONS OF ITS DRIVER

102.

Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

103.

At all times material hereto, ELS Trucking's driver was a permissive driver of ELS tractor-trailer that was involved in the subject collision.

104.

At all times material hereto, ELS Trucking's driver was an employee of ELS Trucking acting within the scope and course of his employment.

105.

At all times material hereto, ELS Trucking's driver was an agent of ELS Trucking acting within the scope and course of his agency.

106.

At all times material hereto, ELS Trucking's driver was an owner operator on lease with ELS Trucking, and such lease complied with the requirements set forth under 49 CFR § 376.11 -General leasing requirements and 49 CFR § 376.12 - Lease requirements.

107.

At all times material hereto, ELS Trucking's driver was hauling a load under dispatch by ELS Trucking.

108.

At all times material hereto, ELS Trucking's driver was authorized by ELS Trucking to operate the tractor-trailer that was involved in the collision described in this Complaint.

109.

ELS Trucking is liable for the actions and omissions of ELS Trucking's driver, pursuant to the doctrine of *respondeat superior*.

## COUNT V: COMBINED AND CONCURRING NEGLIGENCE

110.

Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

111.

Each of the defendants acted in a manner which either alone, and/or combined and concurring with the actions of the other defendants' acts of negligence described herein, directly and proximately caused the collision and plaintiff's injuries.

112.

As a direct and proximate result of the negligence of the defendants, plaintiff was physically injured, has suffered, and will continue to suffer pain, disability, loss of earning capacity, loss of enjoyment of life, anxiety, and related damages.

113.

As a direct and proximate result of the breaches of duty by defendants, plaintiff is entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision, including, without limitation, all special damages and compensatory damages, medical expenses, lost wages, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, mental and emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, loss of capacity to work, and other categories of damages provided for under the law.

## COUNT VI:  LOSS OF CONSORTIUM

114.

Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

115.

At the time of the subject collision and continuing through the present day, Darius Alexander and Kourtney Faniel were and remain legally married.

116.

Kourtney Faniel has a right to recover for the loss of consortium and services from her husband, including but not limited to the loss of his household labor, society, companionship, affection, and all matters of value arising from marriage.

117.

The measure of damages is their reasonable value, as determined by the enlightened conscience of impartial jurors taking into consideration the nature of the services and all the circumstances of the case.

### COUNT VII:  PUNITIVE DAMAGES

118.

Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

119.

Leaving the scene of an accident was criminalized under O.C.G.A. § § 40-6-270(a) and (c) and 40-6-271.

120.

The public policy of this state mandates that a party to an accident must stop and render aid to those involved in the collision, no matter who caused the collision, and not leave them in a possibly disabled state without aid.

121.

The ELS Trucking driver did not stop after the collision described in this Complaint.

122.

The ELS Trucking driver did not attempt to speak to any of those involved in the collision described in this Complaint.

123.

The ELS Trucking driver did not attempt to render any aid to those involved in the collision described in this Complaint.

124.

The ELS Trucking driver fled the scene and left those involved in the collision, described in this Complaint, in a possibly disabled state without aid.

125.

The ELS Trucking driver's act of leaving the scene of the collision, described in this Complaint, without even speaking to the other party, as mandated by statute, was an intentional and culpable act, and such conduct demonstrated a conscious indifference to the consequences and an entire want of care as to the victim's well-being, permitting the jury to find that such conduct was of an aggravated and indifferent nature for purposes of imposing punitive damages.

126.

The ELS Trucking driver's conduct alone is sufficient to show aggravated circumstances so as to permit the jury to consider the imposition of punitive damages for such culpable conduct.

127.

ELS Trucking was required by the Federal Motor Carrier Safety Regulations to have made sure that the ELS Truck driver involved in the subject collision was tested for drugs and alcohol.

128.

ELS Trucking did not test or have the ELS Truck driver involved in the subject collision tested for drugs and alcohol following the subject collision as required by the Federal Motor Carrier Safety Regulations.

129.

ELS Trucking aided and abetted its driver's efforts to flee the scene and avoid criminal and civil prosecution in this case.

130.

ELS Trucking ratified the conduct of its driver by aiding and abetting his efforts to flee the scene and avoid criminal and civil prosecution in this case.

131.

ELS Trucking and its driver should be punished for their actions in this case, and plaintiff are entitled to an award of punitive damages from each to punish and deter such conduct.

**WHEREFORE**, Plaintiffs pray that the following relief be granted:

a)      A trial by jury;

b)      For Summons and Complaint to issue against each Defendant;

c)      For judgment against Defendants and in favor of Plaintiffs;

d)      Court costs, discretionary costs, and prejudgment interest; and

e)      For all such further and general relief which this Court deems just and proper.

Dated this 5th day of March 2020.

WITHERITE LAW GROUP, LLC

/s/ R. Sean McEvoy
R. SEAN MCEVOY
GEORGIA STATE BAR NUMBER 490918
ATTORNEY FOR PLAINTIFF

600 WEST PEACHTREE STREET, NW, SUITE 740
ATLANTA, GA 30308
TELEPHONE: 470-480-7540
FACSIMILE:  470-880-5095
E-MAIL:      SMCEVOY@WITHERITELAW.COM

**COMPLAINT FOR DAMAGES – Page 30**